HUSIE BAILEY v. THE STATE,

No. 16749.   Delivered May 23, 1934.

The opinion states the case.

- *Renfro Speed* and *E. R. Simmons,* both of Teague, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Carroll Manning by shooting him with a gun.

The homicide occurred at night while deceased and others were engaged in shooting dice. As deceased was in the act of throwing the dice someone shot him in the head with a shotgun. Shortly prior to the shooting appellant, according to the version of witnesses for the State, was near the scene of the dice game with a shotgun. Two witnesses for the State testified that appellant told them after deceased had been killed that he (appellant) had inflicted the fatal wound with a shotgun. It appears that sometime prior to the homicide deceased had killed a brother of appellant. Appellant did not testify.

We deem the evidence sufficient to support the conviction.

It is shown in bill of exception No. 4 that Dan Woodard, a witness for the State, was asked by the district attorney if he had not testified before the grand jury that appellant told him that deceased had stated to him (appellant) while they were shooting dice that he (deceased) had already killed one s-of-a-b- and would kill another. Appellant objected to the question on the ground that it was an attempt on the part of the State to

impeach its own witness. Thereafter the witness stated that his testimony before the grand jury was true. The State may impeach her own witness by proof of contradictory statements where he testified to either affirmative or negative facts injurious to the State's case. Branch's Annotated Penal Code, sec. 164; Williford v. State, 37 S. W. 761. "Where a party is surprised by the answer of a witness, which answer is hurtful to him, and when he is led to believe by the witness it would be favorable, under our statute, he has a right to contradict even his own witness." Branch's Annotated Penal Code, sec. 164; Harris v. State, 148 S. W., 1071. There is nothing in the bill of exception to negative the existence of the conditions which would have made it permissible for the State to ask the question. Under the circumstances, we are constrained to hold that the bill fails to reflect error.

It is shown in bill of exception No. 5 that the State proved by the witness Woodard that several years before the homicide deceased had killed a brother of appellant. This testimony was admissible as tending to show a motive on the part of appellant for the commission of the homicide. Remoteness of the act or acts proven for the purpose of showing motive may go to the probative force of the testimony, but the fact that such testimony is remote is not of itself a reason for excluding it if there is a logical connection between it and the particular act under investigation. Branch's Annotated Penal Code, sec. 1883; Hall v. State, 21 S. W., 368.

Bills of exception 6 to 10, inclusive, as qualified by the trial judge, fail to present reversible error.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.